IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ASHLAND PARK APARTMENTS,<br>LIMITED PARTNERSHIP; BRYAN<br>MCKNIGHT; RONNIE DUHRKOPH;<br>BRYAN LOVE; JAMES MORGAN;<br>ZACHARY FOX; PEPPER GERHARDT;<br>RONALD TOWNSEND; SHERRI<br>KELLOGG; TYLER ANDERSON; AND<br>PAMELA JOHNSON,<br><br>                    Defendants. | 8:20CV |

## **COMPLAINT**

COMES NOW the Plaintiff, THE UNITED STATES OF AMERICA, by and through Joseph P. Kelly, the United States Attorney for the District of Nebraska, and Robert L. Homan, Assistant United States Attorney for said District, and for its cause of action alleges:

(1)     This is a civil cause of action brought by the United States of America under the provisions of 28 U.S.C. § 1345.

(2)     Service may be made in the following manner:

(a)     Upon Defendant, Ashland Park Apartments Limited Partnership, a Missouri limited partnership and an active Nebraska foreign limited partnership, by delivering a copy of the Summons and Complaint to its last registered agent, C T Corporation System, 5601 South 59th Street, Lincoln, Nebraska 68516 within the jurisdiction of this court;

(b)     Upon Defendant, Bryan McKnight, by delivering a copy of the summons and complaint to him at 609 N. 19th Street, Apt. #1-1, Ashland, NE 68003;

(c)     Upon Defendant, Ronnie Duhrkoph, by delivering a copy of the summons and complaint to him at 609 N. 19th Street, Apt. #1-3, Ashland, NE 68003;

(d)     Upon Defendant, Bryan Love, by delivering a copy of the summons and complaint to him at 609 N. 19th Street, Apt. #1-4, Ashland, NE 68003;

(e)     Upon Defendant, James Morgan, by delivering a copy of the summons and complaint to him at 609 N. 19th Street, Apt. #1-6, Ashland, NE 68003;

(f)     Upon Defendant, Zachary Fox, by delivering a copy of the summons and complaint to him at 1917 Furnas Street, Apt. #2-1, Ashland, NE 68003;

(g)     Upon Defendant, Pepper Gerhardt, by delivering a copy of the summons and complaint to her at 1917 Furnas Street, Apt. #2-2, Ashland, NE 68003;

(h)     Upon Defendant, Ronald Townsend, by delivering a copy of the summons and complaint to him at 1917 Furnas Street, Apt. #2-3, Ashland, NE 68003;

(i)     Upon Defendant, Sherri Kellogg, by delivering a copy of the summons and complaint to her at 1917 Furnas Street, Apt. #2-4, Ashland, NE 68003;

(j)     Upon Defendant, Tyler Anderson, by delivering a copy of the summons and complaint to him at 1917 Furnas Street, Apt. #2-5, Ashland, NE 68003;

(k)     Upon Defendant, Pamela Johnson, by delivering a copy of the summons and complaint to her at 1917 Furnas Street, Apt. #2-6, Ashland, NE 68003.

(3)     The following is a list of the prior Promissory Notes, Mortgages and Assumptions filed for record in the Office of the Register of Deeds of Saunders County, Nebraska:

| **Name** | **Type of Debt Instrument** | **Date Executed** | **Note Amount Note Interest Rate** | **Mortgage Date Record Date Book/Page** |
|---|---|---|---|---|
| Larry E. Haack & Janice C. Haack | Promissory Note & Mortgage **(Exhibits A & B)** | November 16, 1971 | $66,000 7.25% | Mortgage Date: November 16, 1971 |

2

| | | | | Record Date: November 16, 1971 Book 104/Page 276 |
|---|---|---|---|---|
| Larry E. Haack & Janice C. Haack | Promissory Note & Mortgage (**Exhibits C & D**) | June 14, 1973 | $66,000 7.25% | Mortgage Date: June 14, 1973 Record Date:  June 14, 1973 Book 107/Page 158 |
| Nebraska Growth Investments, Inc. | Assumption Agreement (**Exhibit E**) | May 28, 1974 | $130,772.60 7.25% | N/A |
| Lonnie L. Liss | Assumption Agreement (**Exhibit F**) | April 4, 1977 | $129,158.38 7.25% | N/A |
| Robert E. Wernsman & Lola M. Wernsman | Assumption Agreement (**Exhibit G**) | December 19, 1979 | $127,881.88 7.25% | N/A |

(4)  On or about July 1, 1990, Defendant, Ashland Park Apartments Limited Partnership, executed and delivered to the Plaintiff two assumption agreements whereby the Defendant agreed to assume jointly and severally the entire unpaid indebtedness under the promissory notes, assumption agreements and real estate mortgages described herein at paragraph (3).  Defendant further agreed that the provisions of the promissory notes and real estate mortgages would remain in full force and effect, except as modified in the assumption agreements, and the Defendant agreed to assume the obligations of and agreed to be bound by and to comply with all covenants, agreements and conditions contained in said promissory notes and real estate mortgages, except as modified in the assumption agreements, as if it had executed them as of the dates thereof as principal obligor.  A true and correct copy of the assumption agreements are attached as **Exhibits H & I**.

(5)  On or about July 1, 1990, Ashland Park Apartments Limited Partnership executed and delivered to Plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby they promised to pay Plaintiff the sum of $155,200, with interest thereon at 8.75% per annum.  As consideration for

said note, Plaintiff made a Rural Rental Housing loan to Ashland Park Apartments Limited Partnership, pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).  A true and correct copy of said note is attached as **Exhibit J**.

(6)     At the same time and place and as part of the same transaction, to secure payment of said note, Ashland Park Apartments Limited Partnership executed and delivered to the Plaintiff a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Saunders County, Nebraska, to wit:

> Lots 1, 2, 3, and 4, Block 3, Miller and Clark's Addition to Ashland, Saunders County, Nebraska.

Said mortgage was recorded in the office of the Recorder of Deeds of Saunders County, Nebraska, on July 2, 1990, in Book 141, Page 983.  A true and correct copy of said mortgage is attached hereto as **Exhibit K**.

(7)     To supplement the prior mortgage, a mortgage was recorded in the office of the Record of Deeds of Saunders County, Nebraska, on January 22, 1992, in Book 146, Page 927.  A true and correct copy of said mortgage is attached hereto as **Exhibit L**.

(8)     Plaintiff is the owner and holder of said promissory note, real estate mortgages, and assumption agreements, **Exhibits A-L**.

(9)     Repayment of the indebtedness is also secured by a perfected security interest in Ashland Park Apartments Limited Partnership's, accounts, general intangibles, equipment, now owned or hereafter acquired, together with all replacements, substitutions, additions and accessions thereto.  This perfected security interest also covers all stoves, refrigerators, washers and dryers.  The Pledge and Security Agreement is attached hereto as **Exhibit M**.

(10)    Defendant, Ashland Park Apartments Limited Partnership, has failed to fulfill the requirements of the promissory notes, mortgages, assumption agreements, and Agency regulations as follows:

(a)     Failing to maintain the physical condition of a housing project in a decent, safe, and sanitary manner and in accordance with Agency requirements, in violation of 7 C.F.R. § 3560.103; 7 C.F.R. § 3560.452(c)(2);

(b)     Failing to repair or replace broken or inoperable windows, in violation of 7 C.F.R. § 3560.103(a)(3)(xii);

(c)     Failing to maintain gutters and downspouts that are securely attached, clean, and finished, in violation of 7 C.F.R. § 3560.103(a)(3)(xi);

(d)     Failing to maintain a roof that is free of leaks, defective covering, curled or missing shingles and which is not sagging or buckling, in violation of 7 C.F.R. § 3560.103(a)(3)(xi);

(e)     Failing to maintain drives, parking lots, and walks that are free of holes and deterioration, in violation of 7 C.F.R. § 3560.103(a)(3)(iv).

(11)    Defendant, Ashland Park Apartments Limited Partnership, was given notice of the non-monetary defaults on January 12, 2015.  The Plaintiff accelerated the indebtedness on January 12, 2015 and made demand for payment in full.  No payment has been received.

(12)    Defendant, Ashland Park Apartments Limited Partnership, owes Plaintiff, under the provisions of the promissory notes, mortgages, and assumption agreements, a balance of $252,691.48 in principal, advances and any other recoverable costs; and $101,222.77 interest as of December 5, 2019, with interest accruing thereafter at the daily rate of $26.25.

(13)    Bryan McKnight; Ronnie Duhrkoph; Bryan Love; James Morgan; Zachary Fox;

Pepper Gerhardt; Ronald Townsend; Sherri Kellogg; Tyler Anderson and Pamela Johnson are all tenants who reside at the property that is the subject of this foreclosure and may claim a leasehold interest.

(14)    The property will be sold without restrictions.

(15)    The interests of all Defendants are junior and inferior to the interests of Plaintiff.

(16)    No other action has been brought for the recovery of said sum or any part thereof, nor has any sum or any part thereof been paid except as indicated above.

(17)    The Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, *et seq.*, and all rules and regulations issued pursuant thereto.   In particular, Plaintiff notes that Defendant, Ashland Park Apartments Limited Partnership, did not appeal the acceleration of this account for non-monetary default.   Pursuant to 7 U.S.C. § 6912(e), the claims raised in paragraph 10 (a)-(e) are administratively final, and therefore are not subject to judicial review.

WHEREFORE, Plaintiff demands judgment against the Defendant, Ashland Park Apartments Limited Partnership, in the amount of $252,691.48 in principal, advances and any other recoverable costs; $101,222.77 in interest as of December 5, 2019, with interest accruing thereafter at the daily rate of $26.25 to the date of judgment herein, together with interest at the legal rate thereafter; plus the costs of this action.

Plaintiff further demands that all legal right, title and interest which Defendant, Ashland Park Apartments Limited Partnership, has in the property described herein at paragraph (6) be sold at public sale in accordance with 28 U.S.C. §§ 2001-2003, inclusive, and that said sale be subject to any unpaid real property taxes or special assessments, and that out of the proceeds arising from said sale there be satisfied in the following order as far as the same shall be sufficient:

(1)     Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2)     The costs of said sale and of this action;

(3)     Plaintiff's judgment against Defendant, Ashland Park Apartments Limited Partnership, and;

(5)     The balance thereof, if any, be brought into the Court to await further order.

Plaintiff further demands that all right, title and interest in and to said real estate of the Defendants and of all persons claiming by, through, or under it be decreed to be junior and inferior to the Plaintiff's mortgage and be absolutely barred and foreclosed.

If purchaser of said real estate be denied possession thereof, Plaintiff prays that a Writ of Assistance may issue out of this Court upon the filing of a proper Praecipe therefore and without further order of the Court to place the purchaser of said real estate in peaceable possession thereof.

UNITED STATES OF AMERICA,
Plaintiff

JOSEPH P. KELLY
United States Attorney for the
District of Nebraska

By:     /s/ Robert L. Homan
         ROBERT L. HOMAN, #18580
         Assistant United States Attorney
         1620 Dodge Street, Suite 1400
         Omaha, NE  68102-1506
         Tel:  402-661-3700
         Fax:  402-661-3086
         E-mail:  robert.homan@usdoj.gov

Of Counsel:
Office of General Counsel
U.S. Department of Agriculture, Rural Development
Beacon Facility – Mail Stop 1401
P.O. Box 419205
Kansas City, MO  64141-6205
Tel:  (816) 823-4646
Fax:  (816) 823-4688

<u>REQUEST FOR PLACE OF TRIAL</u>

The United States hereby requests that trial of the above-entitled matter be held in the City of Omaha, Nebraska.

/s/ Robert L. Homan
ROBERT L. HOMAN

Form FHA 440-16
(Rev. 7-9-70)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**PROMISSORY NOTE**
(INSURED LOAN)

KIND OF LOAN:

☐ FO   ☐ RH
　　　 ☐ NONFARM
　　　 ☐ 504
☐ FO-NFE  ☒ RRH
☐ SW(Ind.)  ☐ LH
☐ RL

STATE
Nebraska

COUNTY
Saunders

CASE NO. ▨▨▨▨13

FINANCE OFFICE USE ONLY

| F | LN | LC | IA |
|---|---|---|---|
| 84 | 01 | | |

Date _____ November 16 _____, 19 71

**FOR VALUE RECEIVED,** the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in

_____ Omaha, Nebraska _____, **THE PRINCIPAL SUM OF**

_____ SIXTY SIX THOUSAND AND NO/100————————————————————————

**DOLLARS** ($ 66,000.00 ), plus **INTEREST** on the **UNPAID PRINCIPAL** balance at the **RATE**

of _____ SEVEN AND ONE-FOURTH _____ **PERCENT** ( 7 1/4 %) **PER ANNUM.** The said **PRINCIPAL** and

**INTEREST** shall be **PAYABLE** in the **FOLLOWING** _____ FIFTY-ONE _____ **INSTALLMENTS**
on or before the **FOLLOWING DATES:**
　　　　　　　　　　　　　　　　　　　*(Number of installments)*

$ 1,009.47 _____ **JANUARY 1, 19** 72 , $ 4,234.16 _____ **ANNUALLY**
thereafter on **JANUARY 1,** until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALL-**

**MENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** _____

_____ FIFTY _____ ( 50 ) **YEARS** from the **DATE** of this **NOTE.** The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

While this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an annual installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

FHA 440-16 (Rev. 7-9-70)

**EXHIBIT A**

*Position 2*

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT** hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to or insured by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farmers Home Administration Act of 1961 if the box opposite "FO", "FO–NFE", "RL", or "SW(Ind.)", is checked under the heading "KIND OF LOAN" or pursuant to Title V of the Housing Act of 1949 if the box opposite "RH", "RRH", or "LH", is checked. This note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_____ (SEAL)
Larry E. Haack                (HUSBAND)

_____ Omaha, NB   68132 _____        _____ (SEAL)
(Post-office address of Borrower, include ZIP Code)      Janice C. Haack               (WIFE)


Pay to the order of ------------------------------------------------------------------------------------

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By: ------------------------------------------------------------------

------------------------------------------------------------------
(Title)

USDA–FHA

Form FHA 427–1 Nebr.
(Rev. 11–14–69)

## REAL ESTATE MORTGAGE FOR NEBRASKA
### (INSURED LOANS TO INDIVIDUALS)

KNOW ALL MEN BY THESE PRESENTS, Dated ........November 16, 1971........

WHEREAS, the undersigned ........Larry R. Haack and Janice C. Haack (husband and wife)........

residing in ........Douglas........ County, Nebraska, whose post office address is ........ Omaha ........, Nebraska ..68132..,
herein called "Borrower," are (is) justly indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more certain promissory note(s) or assumption agreement(s), herein called "note" (if more than one note is described below, the word "note" as used herein shall be construed as referring to each note singly or all notes collectively, as the context may require), said note being executed by Borrower, being payable to the order of the Government in installments as specified therein, authorizing acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and being further described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| November 16, 1971 | $66,000.00 | 7 1/4% | November 16, 2021 |

WHEREAS, the note evidences a loan to Borrower in the principal amount specified therein, made with the purpose and intention that the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farmers Home Administration Act of 1961, or Title V of the Housing Act of 1949; and

WHEREAS, when payment of the note is insured by the Government, it may be assigned from time to time and each holder of the insured note, in turn, will be the insured lender; and

WHEREAS, when payment of the note is insured by the Government, the Government will execute and deliver to the insured lender along with the note an insurance endorsement insuring the payment of all amounts payable to the insured lender in connection with the loan; and

WHEREAS, when payment of the note is insured by the Government, the Government by agreement with the insured lender set forth in the insurance endorsement may be entitled to a specified portion of the payments on the note, to be designated the "annual charge"; and

WHEREAS, a condition of the insurance of payment of the note will be that the holder will forego his rights and remedies against Borrower and any others in connection with the loan evidenced thereby, as well as any benefits of this instrument, and will accept the benefits of such insurance in lieu thereof, and upon the Government's request will assign the note to the Government; and

WHEREAS, it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment, this instrument shall secure payment of the note; but when the note is held by an insured lender, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance endorsement by reason of any default by Borrower;

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured lender, to secure performance of Borrower's agreement herein to indemnity and save harmless the Government against loss under its insurance endorsement by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, BORROWER DOES HEREBY GRANT, BARGAIN, SELL, CONVEY AND ASSIGN, WITH GENERAL WARRANTY, UNTO THE GOVERNMENT THE

FOLLOWING PROPERTY SITUATED IN THE STATE OF NEBRASKA, COUNTY(IES) OF ........Saunders........

........Lots 1, 2, and 3, Block 3, Miller and Clark's Addition to Ashland,........

Saunders County, Nebraska.

FHA 427–1 Nebr. (Rev. 11–14–69)

EXHIBIT
B



Borrower covenants and agrees that it will not discriminate, or permit discrimination by any agent, lessee, or other operator, in the use or occupancy of the housing or related facilities financed in whole or in part with the loan in connection with which this instrument is given, because of race, color, creed, or national origin.

This instrument also secures the obligations and covenants of Borrower set forth in Borrower's Loan Agreement of November 16, 1971 which is hereby incorporated herein by reference.

TOGETHER WITH ALL RIGHTS, INTERESTS, EASEMENTS, HEREDITAMENTS AND APPURTENANCES THEREUNTO BELONGING, THE RENTS, ISSUES, AND PROFITS THEREOF AND REVENUES AND INCOME THEREFROM, ALL IMPROVEMENTS AND PERSONAL PROPERTY NOW OR LATER ATTACHED THERETO OR REASONABLY NECESSARY TO THE USE THEREOF, ALL WATER, WATER RIGHTS, AND WATER STOCK PERTAINING THERETO, AND ALL PAYMENTS AT ANY TIME OWING TO BORROWER BY VITUE OF ANY SALE, LEASE, TRANSFER, CONVEYANCE, OR CONDEMNATION OF ANY PART THEREOF OR INTEREST THEREIN—ALL OF WHICH ARE HEREIN CALLED "THE PROPERTY";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for himself, his heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured lender, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) At all times when the note is held by an insured lender, any amount due and unpaid under the terms of the note, less the amount of any annual charge, may be paid by the Government to the holder of the note as provided in the insurance endorsement for the account of Borrower. Any amount due and unpaid under the terms of the note, whether it is held by the Government or by an insured lender, may be credited by the Government on the note and thereupon shall constitute an advance by the Government for the account of Borrower. Any advance by the Government as described in this paragraph shall bear interest at the note rate from the date on which the amount of the advance was due to the date of payment to the Government.

(4) WHETHER OR NOT THE NOTE IS INSURED BY THE GOVERNMENT, THE GOVERNMENT MAY AT ANY TIME PAY ANY OTHER AMOUNTS REQUIRED HEREIN TO BE PAID BY BORROWER AND NOT PAID BY HIM WHEN DUE, AS WELL AS ANY COSTS AND EXPENSES FOR THE PRESERVATION, PROTECTION, OR EN-FORCEMENT OF THIS LIEN, AS ADVANCES FOR THE ACCOUNT OF BORROWER. ALL SUCH ADVANCES SHALL BEAR INTEREST AT THE RATE BORNE BY THE NOTE WHICH HAS THE HIGHEST INTEREST RATE.

(5) ALL ADVANCES BY THE GOVERNMENT AS DESCRIBED IN THIS INSTRUMENT, WITH INTEREST, SHALL BE IMMEDIATELY DUE AND PAYABLE BY BORROWER TO THE GOVERNMENT WITHOUT DEMAND AT THE PLACE DESIGNATED IN THE LATEST NOTE AND SHALL BE SECURED HEREBY. No such advance by the Government shall relieve Borrower from breach of his covenant to pay. Such advances, with interest, shall be repaid from the first available collections received from Borrower. Otherwise, any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, and all taxes and assessments levied upon this mortgage or the note or any indebtedness hereby secured or against any legal holder hereof or of the note or of said indebtedness under the laws of Nebraska, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by, delivered to, and retained by the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured lender shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may extend and defer the maturity of and renew and reamortize the debt evidenced by the note or any indebtedness to the Government secured hereby, release from liability to the Government any party so liable thereon, release portions of the property from and subordinate the lien hereof, and waive any other rights hereunder, without affecting the lien or priority hereof or the liability to the Government of Borrower or any other party for payment of the note or in indebtedness secured hereby excelt as specified by the Government in writing.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) As against the debt evidenced by the note and any indebtedness to the Government hereby secured, with respect to the property, Borrower (a) hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, curtesy, homestead, valuation, appraisal, and exemption, to which Borrower is or becomes entitled under the laws and constitution of the jurisdiction where the property lies, and (b) hereby agrees that any right provided by such laws or constitution for redemption or possession following foreclosure sale shall not apply, and that no right of redemption or possession shall exist after foreclosure sale.

(20) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(21) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, at Lincoln, Nebraska   68508, and in the case of Borrower to him at his post office address stated above.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) the day and year first above written.

_Larry E. Haack_

Larry E. Haack         (Borrower)

_Janice C. Haack_

Janice C. Haack         (Borrower)

STATE OF NEBRASKA     } ss:     **ACKNOWLEDGMENT**

COUNTY OF __Saunders__

On this __16th__ day of __November__ A. D., 19 __71__, before me, a Notary Public

in and for said County, personally appeared __Larry E. Haack__

and __Janice C. Haack__ ,

to me know to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

__they__ executed the same as __their__ voluntary act and deed.

(SEAL)

_John J. Edstrom_

          Notary Public.

My commission expires __July 3 1973__





GPO 815-737

## 100 % INSURED

Form FHA 440-16
(Rev. 4-21-72)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

**KIND OF LOAN:**

- [ ] FO
- [ ] RH
- [ ] NONFARM
- [ ] 504
- [ ] FO-NFE
- [x] RRH
- [ ] SW(Ind.)
- [ ] LH
- [ ] RL

PROMISSORY NOTE
(INSURED LOAN)

STATE
Nebraska

COUNTY
Saunders

CASE NO.
32-78-138713

| FINANCE OFFICE USE ONLY | | | |
|---|---|---|---|
| F | LN | LC | IA |

Date : June 14 , 19 73

**FOR VALUE RECEIVED,** the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in Omaha, Nebraska , **THE PRINCIPAL SUM OF** SIXTY-SIX THOUSAND AND NO/100 - - - - - - - - - - - - - - - - -

**DOLLARS ($** 66,000.00 **),** plus **INTEREST** on the **UNPAID PRINCIPAL** of SEVEN AND ONE-FOURTH **PERCENT (** 7¼ **%) PER ANNUM.** The said **PRINCIPAL** and **INTEREST** shall be **PAYABLE** in the **FOLLOWING** FIFTY-ONE **INSTALLMENTS** on or before the **FOLLOWING DATES:** *(No. of Installments)*

$ 3,042.00 **JANUARY** 1, 19 74 , $ 4,945.00 **ANNUALLY** thereafter on JANUARY 1, until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and **PAYABLE** FIFTY **(** 50 **) YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

Every payment made on any indebtedness evidenced by this note shall be applied first to interest computed to the effective date of the payment and then to principal.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied to the installments last to become due under this note and shall not affect the obligation of Borrower to pay the remaining installments as scheduled herein.

Borrower agrees that the Government at any time may assign this note and insure the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

*Position  2*

FHA 440-16 (Rev. 4-21-72)

**EXHIBIT**
**C**

While this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of every payment made by Borrower, except payments retained and remitted by the Government on an annual installment due date basis, shall be the date of the United States Treasury check by which the Government remits the payment to the holder. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

Borrower hereby certifies that he is unable to obtain sufficient credit elsewhere to finance his actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his community for loans for similar purposes and periods of time.

Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased, assigned, sold, transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. Unless the Government consents otherwise in writing, Borrower (a) will personally operate such property as a farm with his own and his family's labor if this is an FO loan, or (b) will personally occupy and use such property if this is an RH loan on a "nonfarm tract" or a section 504 RH loan.

**REFINANCING AGREEMENT:** If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

**DEFAULT:** hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to or insured by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. **UPON ANY SUCH DEFAULT,** the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Consolidated Farmers Home Administration Act of 1961 if the box opposite "FO", "FO–NFE", "RL", or "SW(Ind.)", is checked under the heading "KIND OF LOAN" or pursuant to Title V of the Housing Act of 1949 if the box opposite "RH", "RRH", or "LH", is checked. This note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

Presentment, protest, and notice are hereby waived.

_Larry E. Haack_ (SEAL)
Larry E. Haack (BORROWER)

Omaha, NB 68132

_Janice C. Haack_ (SEAL)
Janice C. Haack (SPOUSE)

{Post-office address of Borrower, include ZIP Code}

**First National Bank of Memphis**
**Memphis, Tennessee**

Pay to the order of ————————————————————————————

UNITED STATES OF AMERICA
FARMERS HOME ADMINISTRATION

By: _R. W. Hacker_

R. W. HACKER
INSURED LOAN OFFICER
(Title)

Pay to the order of the United States of America without recourse.

By _____ Pres.

FIRST NATIONAL BANK MEMPHIS

Pay to the order of:

☆U.S. Government Printing Office: 1972 — 751-544

USDA–FHA
Form FHA 427–1 NB
(Rev. 9–17–71)

*Position 5*

## REAL ESTATE MORTGAGE FOR NEBRASKA
### (INSURED LOANS TO INDIVIDUALS)

KNOW ALL MEN BY THESE PRESENTS, Dated ........ June 14, 1973 ................................................

WHEREAS, the undersigned    Larry E. Haack and Janice C. Haack (husband and wife)

residing in ................ Douglas .................................................... County, Nebraska, whose post office address

is ................ [redacted] Omaha ................................................ , Nebraska ........ 68132 ........ ,
herein called "Borrower," are (is) justly indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more certain promissory note(s) or assumption agreement(s), herein called "note" (if more than one note is described below, the word "note" as used herein shall be construed as referring to each note singly or all notes collectively, as the context may require), said note being executed by Borrower, being payable to the order of the Government in installments as specified therein, authorizing acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and being further described as follows:

| *Date of Instrument* | *Principal Amount* | *Annual Rate of Interest* | *Due Date of Final Installment* |
|---|---|---|---|
| June 14, 1973 | $66,000.00 | $7\frac{1}{2}$ | June 14, 2023 |
| November 16, 1971 | 66,000.00 | $7\frac{1}{4}$ | November 16, 2021 |

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farmers Home Administration Act of 1961, or Title V of the Housing Act of 1949;

And when payment of the note is insured by the Government, the Government may retain the right to a specified portion of the payments on the;

And a condition of the insurance of payment of the note will be that the holder will forego his rights and remedies against Borrower and any others in connection with the loan evidenced thereby, as well as any benefits of this instrument, and will accept the benefits of such insurance in lieu thereof, and upon the Government's request will assign the note to the Government;

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, convey and assign, with general warranty, unto the Government the following property situated in the State of Nebraska, County(ies) of

Saunders

Lots 1, 2, 3 and 4, Block 3, Miller and Clark's Addition to Ashland, Saunders County, Nebraska subject to a prior lien on Lots 1, 2 and 3 to the United States of America, Farmers Home Administration in the amount of Sixty-six thousand dollars ($66,000.00) recorded in Book 104, page 276, Register of Deeds Office, Saunders County, Nebraska.

FHA 427–1 NB (Rev. 9–17–71)

**EXHIBIT
D**

Borrower covenants and agrees that it will not discriminate, or permit discrimination by any agent, lessee, or other operator, in the use of occupancy of the housing or related facilities financed in whole or in part with the loan in connection with which this instrument is given, because of race, color, creed, or national origin.

This instrument also secures the obligations and covenants of Borrower set forth in Borrower's loan Agreement of August 4, 1972 which is hereby incorporated herein by reference.

together with all rights, interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for himself, his heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) At all times when the note is held by an insured holder, any amount due and unpaid under the terms of the note to which the holder is entitled may be paid by the Government to the holder of the note for the account of Borrower. Any amount due and unpaid under the terms of the note, whether it is held by the Government or by an insured holder, may be credited by the Government on the note and thereupon shall constitute an advance by the Government for the account of Borrower. Any advance by the Government as described in this paragraph shall bear interest at the note rate from the date on which the amount of the advance was due to the date of payment to the Government, provided that Borrower shall be required to pay interest on only the principal portion of such advance unless otherwise provided in the regulations of the Farmers Home Administration.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by him when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of his covenant to pay. Such advances, with interest, shall be repaid from the first available collections received from Borrower. Otherwise, any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, and all taxes and assessments levied upon this mortgage or the note or any indebtedness hereby secured or against any legal holder hereof or of the note or of said indebtedness under the laws of Nebraska, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by, delivered to, and retained by the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Neither the property nor any portion thereof or interest therein shall be leased, assigned, sold; transferred, or encumbered, voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may extend and defer the maturity of and renew and reamortize the debt evidenced by the note or any indebtedness to the Government secured hereby, release from liability to the Government any party so liable thereon, release portions of the property from and subordinate the lien hereof, and waive any other rights hereunder, without affecting the lien or priority hereof or the liability to the Government of Borrower or any other party for payment of the note or indebtedness secured hereby excelt as specified by the Government in writing.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, a bankrupt, or an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) As against the debt evidenced by the note and any indebtedness to the Government hereby secured, with respect to the property, Borrower (a) hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, curtesy, homestead, valuation, appraisal, and exemption, to which Borrower is or becomes entitled under the laws and constitution of the jurisdiction where the property lies, and (b) hereby agrees that any right provided by such laws or, constitution for redemption or possession following foreclosure sale shall not apply, and that no right of redemption or possession shall exist after foreclosure sale.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (a) neither he nor anyone authorized to act for him will, after receipt of a bona fide offer, refuse to negotiate for its sale or rental, or will otherwise make unavailable or deny said property, to anyone because of race, color, religion or national origin and (b) Borrower recognizes as illegal and hereby disclaims and will not comply with or attempt to enforce any restrictive covenants on said property relating to race, color, religion or national origin.

(21) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(22) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration, United States Department of Agriculture, at Lincoln, Nebraska   68508, and in the case of Borrower to him at his post office address stated above.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) the day and year first above written.

_____
Larry E. Haack                    (Borrower)

_____
Janice C. Haack                   (Borrower)

STATE OF NEBRASKA }
                          } ss:          ACKNOWLEDGMENT
COUNTY OF _____

On this _____ day of _____ A. D., 19 ___ , before me, a Notary Public in and for said County, personally appeared _____ Larry E. Haack _____

and _____ Janice C. Haack, husband and wife _____ , to me know to be the identical person(s)   named in and who executed the foregoing instrument and acknowledged that

_____ executed the same as _____ voluntary act and deed.

(SEAL)                                                           _____
                                                                        Notary Public.

My commission expires _____

Form FHA 460–9
(Rev. 9–14–70)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| Type of Loan | |
|---|---|
| **RRH** | |
| *(Specify)* | |
| ☐ Direct  ☒ Insured | |

## ASSUMPTION AGREEMENT

*(Same Terms — Eligible Transferee)*

| Veteran |  |  |
|---|---|---|
| ☐ Yes | | ☐ No |
| Race *(Ethnic Code) Check One* | | |
| W ☒ 1  N ☐ 2  O ☐ 3  AI ☐ 4  S ☐ 5 | | |
| Case No. | | 60 |

THIS AGREEMENT dated as of ........ **May 28** ........................................., 19 **74** , between the

United States of America, acting through the Farmers Home Administration, herein called the Government, and ..........................

**NEBRASKA GROWTH INVESTMENTS, INC.** .................................................................

his wife, herein called the assuming parties, whose post office address is ....█████████████..... **Omaha,** .............

**Nebraska 68114** ..................................................................................................,

WITNESSETH:

WHEREAS the Government is the holder or insurer of loan(s) evidenced by certain debt instrument(s) executed by the

present debtor(s) *— **Larry E. Haack and Janice C. Haack (husband and wife)**

......................................................................................................................., and identified as follows:

### TABLE I

| KIND OF INSTRUMENT | DATE EXECUTED | PRINCIPAL AMOUNT | UNPAID BALANCE | | INT. RATE | INS. CHG. RATE |
|---|---|---|---|---|---|---|
| | | | PRINCIPAL | ACCRUED INTEREST | | |
| Promissory Note | 11-16-71 | $66,000.00 | $65,063.68 | $390.09 | 7¼ | |
| Promissory Note | 6-14-73 | 66,000.00 | 64,931.28 | 387.55 | 7¼ | |
| | | | | | | |
| | | | | | | |

WHEREAS in connection with such loan(s) the following described security instrument(s) was (were) taken on property

described therein and located in ........ **Saunders** ...................................County, State of **Nebraska** ..............

### TABLE II

| KIND OF INSTRUMENT | DATE EXECUTED | OFFICE WHERE RECORDED OR FILED | BOOK, VOLUME, OR DOCUMENT NO. | PAGE |
|---|---|---|---|---|
| Real Estate Mortgage | 11-16-71 | Register of Deeds | 104 | 276 |
| Real Estate Mortgage | 6-14-73 | Register of Deeds | 107 | 158 |
| | | | | |
| | | | | |

NOW THEREFORE, in consideration of (i) the assumption of indebtedness as herein provided, and (ii) the Government's consent to such assumption and to conveyance or transfer of security property to the assuming parties, it is agreed as follows:

*List all persons presently liable under notes, bonds, or assumption agreements.

*Position 2*

FHA 460–9 (Rev. 9–14–70)

**EXHIBIT
E**

1. The assuming parties hereby jointly and severally assume liability for and agree to pay to the order of the Government, or to the order of the insured holder through the Government if and when an insured holder is the holder of said debt instrument(s), at the office of the Farmers Home Administration shown below, the entire unpaid indebtedness under said debt and security instruments in accordance with the terms thereof, except that any Farm Ownership loan installment due and payable thereunder on any March 31 shall be due and payable on the preceding January 1, instead. The assuming parties agree that payments will be applied first to any delinquencies on said indebtedness.

2. The provisions of said debt and security instruments and of any outstanding agreements executed or assumed by the present debtors pertinent thereto shall, except as modified herein, remain in full force and effect, and the assuming parties hereby assume the obligations of and agree to be bound by and to comply with all covenants, agreements and conditions contained in said instruments and agreements, except as modified herein, the same as if they had executed them as of the dates thereof as principal obligors, including any obligation to pay the Government an insurance charge in addition to interest, if and as provided in any such instruments. Assuming Party agrees to abide by and comply with the covenants and provision of the loan agreements (resolution) of 11-16-71 and 8-4-72 as adopted or executed by present debtors.

3. This agreement shall be subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

4. When the loan(s) hereby assumed is held by an insured holder, prepayments made by the assuming parties may, except for final payment, be remitted by the Government to the holder on an annual installment due date basis or other basis established by Farmers Home Administration regulation. Final payment will be remitted promptly. The effective date of every payment made by the assuming parties shall be the date the payment is made by them. The Government will pay the interest to which the holder is entitled accruing between the effective date of the payment and the date of the Treasury check to the holder.

ASSUMING PARTIES:

_Shirley Ann Irwin_     Secretary

NEBRASKA GROWTH INVESTMENTS, INC.

(Corporal)

BY: _James A. Loria_     President     (Wife)

UNITED STATES OF AMERICA

BY _____

Omaha, Nebraska     68137

FARMERS HOME ADMINISTRATION

(Address of County Office)

☆ GPO—1972—752-225/49

Form FmHA 460-9
(Rev. 2-11-76)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

CORRECTED COPY

ASSUMPTION AGREEMENT

(Same Terms — Eligible Transferee)

| Type of Loan | | Veteran |
|---|---|---|
| | | ☒ Yes ☐ No |
| RRH | | Race *(Ethnic Code)* Check One |
| *(Specify)* | | W☒1 N/B☐2 AI☐3 SA☐4 O☐5 |
| ☐ Direct ☒ Insured | | Case No. ▓▓▓▓▓80 |

THIS AGREEMENT dated as of ........ April 4 ........................, 19 77 ...., between the

United States of America, acting through the Farmers Home Administration, herein called the Government, and ................

.......... Lonnie L. Liss (Single) .......... and .....................................,

his wife, herein called the assuming parties, whose post office address is ... ▓▓▓▓▓▓▓▓ ...........

.......................................... Omaha, NE 68106 ...,

WITNESSETH:

WHEREAS the Government is the holder or insurer of loan(s) evidenced by certain debt instrument(s) executed by the

present debtor(s) * .. NEBRASKA GROWTH INVESTMENTS, INC. ▓▓▓▓60

...................................................., and identified as follows:

| TABLE I | | | | | | |
|---|---|---|---|---|---|---|
| KIND OF INSTRUMENT | DATE EXECUTED | PRINCIPAL AMOUNT | UNPAID BALANCE | | INT. RATE | INS. CHG. RATE |
| | | | PRINCIPAL | ACCRUED INTEREST | | |
| Promissory Note | 11-16-71 | $66,000.00 | $64,060.10 | $254.49 | 7½ | |
| Promissory Note | 6-14-73 | $66,000.00 | $64,579.12 | $264.67 | 7½ | |
| | | | | | | |
| | | | | | | |

WHEREAS in connection with such loan(s) the following described security instrument(s) was (were) taken on property

described therein and located in .......... Saunders .......... County, State of .. Nebraska ..........

| TABLE II | | | | |
|---|---|---|---|---|
| KIND OF INSTRUMENT | DATE EXECUTED | OFFICE WHERE RECORDED OR FILED | BOOK, VOLUME, OR DOCUMENT NO. | PAGE |
| Real Estate Mortgage | 11-16-71 | Register of Deeds | Book 104 | 276 |
| Real Estate Mortgage | 6-14-73 | Register of Deeds | Book 107 | 158 |
| | | | | |
| | | | | |

NOW THEREFORE, in consideration of (i) the assumption of indebtedness as herein provided, and (ii) the Government's consent to such assumption and to conveyance or transfer of security property to the assuming parties, it is agreed as follows:

*List all persons presently liable under notes, bonds, or assumption agreements.

FmHA 460-9 (Rev. 2-11-76)

*Position 2*

EXHIBIT
F

1. The assuming parties hereby jointly and severally assume liability for and agree to pay to the order of the Government, or to the order of the insured holder through the Government if and when an insured holder is the holder of said debt instrument(s), at the office of the Farmers Home Administration shown below, the entire unpaid indebtedness under said debt and security instruments in accordance with the terms thereof, except that any Farm Ownership loan installment due and payable thereunder on any March 31 shall be due and payable on the preceding January 1, instead. The assuming parties agree that payments will be applied first to any delinquencies on said indebtedness.

2. The provisions of said debt and security instruments and of any outstanding agreements executed or assumed by the present debtors pertinent thereto shall, except as modified herein, remain in full force and effect, and the assuming parties hereby assume the obligations of and agree to be bound by and to comply with all covenants, agreements and conditions contained in said instruments and agreements, except as modified herein, the same as if they had executed them as of the dates thereof as principal obligors, including any obligation to pay the Government an insurance charge in addition to interest, if and as provided in any such instruments.

3. **REFINANCING AGREEMENT**: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay the loan(s) hereby assumed in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph shall not apply to any comaker signing this agreement pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

4. This agreement shall be subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

5. When the loan(s) hereby assumed is held by an insured holder, prepayments made by the assuming parties may, except for final payment, be remitted by the Government to the holder on an annual installment due date basis or other basis established by Farmers Home Administration regulation. Final payment will be remitted promptly. The effective date of every payment made by the assuming parties shall be the date the payment is received by the Farmers Home Administration. The Government will pay the interest to which the holder is entitled accruing between the effective date of the payment and the date of the Treasury check to the holder.

6. Assuming party agrees to abide by and comply with the covenants and provisions of the loan agreement of April 4, 1977, as adopted, executed, or assumed by present debtors.

ASSUMING PARTIES:

_____
Lonnie L. Liss   (Borrower)

_____ (Wife)

UNITED STATES OF AMERICA

BY _____
Leonard T. Hanks

County Supervisor
FARMERS HOME ADMINISTRATION

Omaha, NE      68137
_____
(Address of County Office)

Form FmHA 460-9
(Rev. 2-11-76)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

| Type of Loan | | Veteran | |
|---|---|---|---|
| RRH | | ☐ Yes  ☒ No | |
| *(Specify)* | | Race *(Ethnic Code)* Check One | |
| ☐ Direct  ☒ Insured | | W☐1  N/B☐2  AI☐3  SA☐4  O☐5 | |

ASSUMPTION AGREEMENT

(Same Terms — Eligible Transferee)

Case No.
⬛97

THIS AGREEMENT dated as of ............December 19............, 19 79 , between the

United States of America, acting through the Farmers Home Administration, herein called the Government, and ...........................

............ROBERT E. WERNSMAN............ and ............LOLA M. WERNSMAN............,

his wife, herein called the assuming parties, whose post office address is ...⬛...........................,

............Omaha, NE   68137............,

WITNESSETH:

WHEREAS the Government is the holder or insurer of loan(s) evidenced by certain debt instrument(s) executed by the

present debtor(s) * ............Lonnie L. Liss ⬛80............

.........................................................., and identified as follows:

### TABLE I

| KIND OF INSTRUMENT | DATE EXECUTED | PRINCIPAL AMOUNT | UNPAID BALANCE | | INT. RATE | INS. CHG. RATE |
|---|---|---|---|---|---|---|
| | | | PRINCIPAL | ACCRUED INTEREST | | |
| Promissory Note | 11-16-71 | $66,000.00 | $63,427.37 | $239.37 | 7¼ | |
| Promissory Note | 6-14-73 | $66,000.00 | $63,787.46 | $427.68 | 7¼ | |
| | | | | | | |
| | | | | | | |

WHEREAS in connection with such loan(s) the following described security instrument(s) was (were) taken on property

described therein and located in ............Saunders............County, State of ............Nebraska............

### TABLE II

| KIND OF INSTRUMENT | DATE EXECUTED | OFFICE WHERE RECORDED OR FILED | BOOK, VOLUME, OR DOCUMENT NO. | PAGE |
|---|---|---|---|---|
| Real Estate Mortgage | 11-16-71 | Register of Deeds | Book 104 | 276 |
| Real Estate Mortgage | 6-14-73 | Register of Deeds | Book 107 | 158 |
| | | | | |
| | | | | |

NOW THEREFORE, in consideration of (i) the assumption of indebtedness as herein provided, and (ii) the Government's consent to such  assumption and to conveyance or transfer of security property to the assuming parties, it is agreed as follows:

*List all persons presently liable under notes, bonds, or assumption agreements.

FmHA 460-9 (Rev. 2-11-76)

*Position 2*

EXHIBIT
G

1. The assuming parties hereby jointly and severally assume liability for and agree to pay to the order of the Government, or to the order of the insured holder through the Government if and when an insured holder is the holder of said debt instrument(s), at the office of the Farmers Home Administration shown below, the entire unpaid indebtedness under said debt and security instruments in accordance with the terms thereof, except that any Farm Ownership loan installment due and payable thereunder on any March 31 shall be due and payable on the preceding January 1, instead. The assuming parties agree that payments will be applied first to any delinquencies on said indebtedness.

2. The provisions of said debt and security instruments and of any outstanding agreements executed or assumed by the present debtors pertinent thereto shall, except as modified herein, remain in full force and effect, and the assuming parties hereby assume the obligations of and agree to be bound by and to comply with all covenants, agreements and conditions contained in said instruments and agreements, except as modified herein, the same as if they had executed them as of the dates thereof as principal obligors, including any obligation to pay the Government an insurance charge in addition to interest, if and as provided in any such instruments.

3. **REFINANCING AGREEMENT**: If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay the loan(s) hereby assumed in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph shall not apply to any comaker signing this agreement pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

4. This agreement shall be subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

5. When the loan(s) hereby assumed is held by an insured holder, prepayments made by the assuming parties may, except for final payment, be remitted by the Government to the holder on an annual installment due date basis or other basis established by Farmers Home Administration regulation. Final payment will be remitted promptly. The effective date of every payment made by the assuming parties shall be the date the payment is received by the Farmers Home Administration. The Government will pay the interest to which the holder is entitled accruing between the effective date of the payment and the date of the Treasury check to the holder.

6. Assuming parties agree to abide by and comply with the covenants and provisions of those two certain loan agreements dated November 16, 1971 and August 4, 1972, copies of which are hereto annexed. *[initials]*   ASSUMING PARTIES:

_Robert E. Wernsman_ *(Husband)*

_Lola M. Wernsman_ *(Wife)*

UNITED STATES OF AMERICA

BY _[signature]_
District Director

FARMERS HOME ADMINISTRATION

4734 South 131st Street, Omaha, NE   68137
*(Address of County Office)*

USDA-FmHA
Form FmHA 1965-5
(Rev. 1-83)

ASSUMPTION AGREEMENT

XX

X

8 4

0   1   3

THIS AGREEMENT dated __JULY 1_____, 19 90 is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and the assuming parties **ASHLAND PARK APARTMENTS, L. P. d/b/a**

ASHLAND PARK APARTMENTS, L. P., LIMITED PARTNERSHIP, BY:  HAMILTON-CURTIS CORPORATION, GENERAL PARTNER

(herein called Borrower), whose mailing address is _____ **SPRINGFIELD, MISSOURI  65804**

The Government is the holder of debt instrument(s) executed by **ROBERT E.  AND LOLA M. WERNSMAN**

### TABLE I

| Kind Of Instrument | Date Executed | Principal Amount | UNPAID AS OF DATE Principal | Accrued Interest | Int. Rate |
|---|---|---|---|---|---|
| Assumption Agreement | 12-19-79 | 63,666.74 | 56,117.36 | 289.82 | 7.25 |
| Original Promissory Note | 11-16-71 | 66,000.00 | | | 7.25 |
| | | | | | |
| | | | | | |
| | | | | | |
| **Totals** | | | 56,117.36 | 289.82 | |

And such loans are secured instrument(s) taken on property described therein which is located in **Saunders** _____ County, State of **Nebraska**

### TABLE II

| Type Instrument | Date Executed | Office Where Recorded | Book Number | Page Number |
|---|---|---|---|---|
| Real Estate Mortgage | 11-16-71 | Register of Deeds – Saunders County, Nebraska | 104 | 276 |
| Real Estate Mortgage | 06-14-73 | Register of Deeds – Saunders County, Nebraska | 107 | 158 |
| | | | | |
| | | | | |
| | | | | |

*Position 2*

**EXHIBIT H**

In consideration of the assumption of indebtedness and subsidy as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. The assuming parties hereby jointly and severally assume liability for and agree to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other as may later be specified) the amounts, including all obligations and duties under any note or other security instrument identified above, the principal sum of **FIFTY-SIX THOUSAND FOUR HUNDRED SEVEN AND 18/100**————————————————————————————————— dollars ($ 56,407.18 ) plus interest at the rate of **EIGHT AND THREE-FOURTHS** percent ( 8.75 %) per annum, payable in installments as follows:

☐ a. $_____ on _____, 19___, and $_____ thereafter on the _____ of each _____ until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable on or before _____, _____.

☒ b. Upon completion of this assumption all payments will be converted to the Predetermined Amortization Schedule System (PASS) and, the first installment in the amount of $ 416.63 will be due and payable on AUGUST 1 , 19 90 Thereafter, regular installments, each in the amount of $ 416.63 will be due and payable on the first day of each month until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not paid sooner, shall be due and payable on or before AUGUST 1 2040 .

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of the receipt of the payment. The Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of said debt and security instruments and of any outstanding agreement executed or assumed by the present debtors pertinent thereto shall, except as modified herein, remain in full force and effect, and the assuming parties hereby assume obligations of and agree to be bound by and comply with all covenants, agreements and conditions contained in said instruments and agreements, except as modified herein, the same as if they had executed them as of the dates thereof as principal obligors.

4. Provisions of the debt and security instrument(s) which require that the borrower graduate to another credit source do not apply to an assumption on ineligible terms. (An assumption on ineligible terms has been identified by the approval official and so noted in the official case file maintained at the FmHA office noted in this document.)

5. The property secured by the instruments described in Table II was obtained or improved through Federal financial assistance. This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended or so long as the purchaser owns it, whichever is longer.

6. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

7. Because of the necessity of obtaining rural rental housing in Ashland, Nebraska, the personal liability of the partners of the Limited Partnership is hereby waived, pursuant to the provisions of 7CFR Section 1944.221 (a) (2).

*See attached sheet for 8.

UNITED STATES OF AMERICA

By _Gerald K. Johnson_

District Director

GERALD K. JOHNSON                    (Title)

FARMERS HOME ADMINISTRATION

11069 "I" Street

Omaha, NE 68137

_James L. Howe_
JAMES L. HOWE, State Director

ASHLAND PARK APARTMENTS, L. P., d/b/a ASHLAND PARK APARTMENTS, (Borrower) L. P., LIMITED PARTNERSHIP

BY: _Arthur Curtis_ V.P.
HAMILTON-CURTIS (Borrower) CORPORATION, GENERAL PARTNER

(Borrower)

This is a part of the assumption agreement for ASHLAND PARK APARTMENTS, L. P. d/b/a ASHLAND PARK APARTMENTS, L. P., LIMITED PARTNERSHIP, BY:  HAMILTON-CURTIS CORPORATION, GENERAL PARTNER dated JULY 1, 1990.

8.  The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 514 or Section 515 of Title V of the Housing Act of 1949 and FmHA regulations then extant during this 20 year period beginning July 1, 1990. No person occupying the housing will be required to vacate prior to the close of such 20 year period because of early repayment.  The borrower understands that should an unsubsidized project be converted to subsidized within 15 years from the date the last loan on the project is closed, that the period will be increased by 5 years.  The borrower will be released during such period from these obligations only when the Government determines that there is no longer a need for such housing or that Federal or other financial assistance provided to the residents of such housing will no longer be provided.  A tenant may seek enforcement of this provision as well as the Government.

ASSUMPTION AGREEMENT

XX

XX

5 8 4

0 2 5

THIS AGREEMENT dated __JULY 1__ , 19 90, is between the United States of America acting through the Farmers Home Administration (herein called the Government), and the assuming parties __ASHLAND PARK APARTMENTS, L. P. d/b/a__

__ASHLAND PARK APARTMENTS, L. P., LIMITED PARTNERSHIP, BY:  HAMILTON-CURTIS CORPORATION, GENERAL PARTNER__

herein called Borrower), whose mailing address is ████████████████████, SPRINGFIELD, MISSOURI  65804

The Government is the holder of debt instrument(s) executed by __ROBERT E. AND LOLA M. WERNSMAN__

### TABLE I

| Kind Of Instrument | Date Executed | Principal Amount | Principal | Accrued Interest | Interest Rate |
|---|---|---|---|---|---|
| Assumption Agreement | 12-19-79 | 64,215.14 | 59,143.55 | 305.44 | 7.25 |
| Original Promissory Note | 06-14-73 | 66,000.00 | | | 7.25 |
| | | | | | |
| | | | | | |
| | | | | | |
| | Totals | | 59,143.55 | 305.44 | |

And such loans are secured instrument(s) taken on property described therein which is located in __Saunders__ County, State of __Nebraska__

### TABLE II

| Type Instrument | Date Executed | Office Where Recorded | Book Or Other Document Number | Page |
|---|---|---|---|---|
| Real Estate Mortgage | 06-14-73 | Register of Deeds – Saunders County, Nebraska | 107 | 158 |
| | | | | |
| | | | | |
| | | | | |

*Position 2*

EXHIBIT
I

In consideration of the assumption of indebtedness and subsidy as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. The assuming parties hereby jointly and severally assume liability for and agree to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other as may later be specified) the amounts, including all obligations and duties under any note or other security instrument identified above, the principal sum of **FIFTY NINE THOUSAND FOUR HUNDRED FORTY EIGHT AND 99/100**——————————————————————— dollars ($ 59,448.99 ) plus interest at the rate of **EIGHT AND THREE-FOURTHS** percent ( 8.75 %) per annum, payable in installments as follows:

   ☐ a. $_____ on _____, 19___, and $_____ thereafter on the _____ of each _____ until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable on or before _____, _____.

   ☒ b. Upon completion of this assumption all payments will be converted to the Predetermined Amortization Schedule System (PASS) and, the first installment in the amount of $ 439.10 _____ will be due and payable on __AUGUST 1_____, 19 90. Thereafter, regular installments, each in the amount of $ 439.10 _____ will be due and payable on the first day of each month until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not paid sooner, shall be due and payable on or before AUGUST 1_____, 2040 .

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of the receipt of the payment. The Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of said debt and security instruments and of any outstanding agreement executed or assumed by the present debtors pertinent thereto shall, except as modified herein, remain in full force and effect, and the assuming parties hereby assume obligations of and agree to be bound by and comply with all covenants, agreements and conditions contained in said instruments and agreements, except as modified herein, the same as if they had executed them as of the dates thereof as principal obligors.

4. Provisions of the debt and security instrument(s) which require that the borrower graduate to another credit source do not apply to an assumption on ineligible terms. (An assumption on ineligible terms has been identified by the approval official and so noted in the official case file maintained at the FmHA office noted in this document.)

5. The property secured by the instruments described in Table II was obtained or improved through Federal financial assistance. This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the regulations issued pursuant thereto for so long as the property continues to be used for the same or similar purpose for which financial assistance was extended or so long as the purchaser owns it, whichever is longer.

6. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

7. Because of the necessity of obtaining rural rental housing in Ashland, Nebraska, the personal liability of the partners of the Limited Partnership is hereby waived, pursuant to the provisions of 7 CFR Section 1944.221 (a) (2).

*See attached sheet for 8.

UNITED STATES OF AMERICA

By _____
GERALD K. JOHNSON
District Director
                          (Title)


FARMERS HOME ADMINISTRATION

11069 "I" Street
          (Office Address)

Omaha, NE 68137

_____
JAMES L. HOWE, State Director

ASHLAND PARK APARTMENTS, L. P., d/b/a ASHLAND PARK APARTMENTS (Borrower) L. P., LIMITED PARTNERSHIP

BY: _____ (Borrower)
HAMILTON-CURTIS (Borrower) CORPORATION
GENERAL PARTNER
                          (Borrower)

This is a part of the assumption agreement for ASHLAND PARK APARTMENTS, L. P. d/b/a ASHLAND PARK APARTMENTS, L. P., LIMITED PARTNERSHIP, BY:  HAMILTON-CURTIS CORPORATION, GENERAL PARTNER dated JULY 1, 1990.

8.  The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in Section 514 or Section 515 of Title V of the Housing Act of 1949 and FmHA regulations then extant during this 20 year period beginning July 1, 1990. No person occupying the housing will be required to vacate prior to the close of such 20 year period because of early repayment.  The borrower understands that should an unsubsidized project be converted to subsidized within 15 years from the date the last loan on the project is closed, that the period will be increased by 5 years.  The borrower will be released during such period from these obligations only when the Government determines that there is no longer a need for such housing or that Federal or other financial assistance provided to the residents of such housing will no longer be provided.  A tenant may seek enforcement of this provision as well as the Government.

Form FmHA 1944-52
(4-85)

UNITED STATES DEPARTMENT OF AGRICULTURE
FARMERS HOME ADMINISTRATION

MULTIPLE FAMILY HOUSING

PROMISSORY NOTE

| KIND OF LOAN | | |
|---|---|---|
| Title V of the Housing Act of 1949 | | |

☐ Sec. 523 or 524 Rural Housing Site
☐ Sec. 514 Labor Housing
☒☒ Sec. 515 Rural Rental Housing
☐ Other Real Estate

| STATE | COUNTY |
|---|---|
| NE | SAUNDERS |
| CASE NO. | |
|  | 84 |
| PROJECT NO. | |
| 02-9 | |

Date _____ JULY 1 _____ , 19 90

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower",) jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, (herein called the "Government") at its office in  OMAHA, NEBRASKA

THE PRINCIPAL SUM OF ONE HUNDRED FIFTY FIVE THOUSAND TWO HUNDRED AND NO/100------------------

DOLLARS ($ 155,200.00 ), plus INTEREST on the PRINCIPAL of

EIGHT AND THREE-FOURTHS PERCENT ( 8.75 %) PER ANNUM.

Payment of the Principal and Interest shall be as agreed between the Borrower and the Government as indicated below: (check one)

☒ I.    Principal and Interest payments shall be deferred. The interest accrued to  September 1 , 19 90

shall be added to the Principal. The new Principal and later accrued Interest shall be payable in 598 regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of the

new Principal herein $ - 156,182.34 and the amount of regular installments in the box below, when determined:

☐ II.    Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

☐ III.    Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each month beginning on _____ , 19 _____ , through _____ , 19 _____ .

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below:

| | | |
|---|---|---|
| $ 1,153.80 | on October 1 | , 19 90 , and |
| $ 1,153.80 | thereafter on the first | of each month |

until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness evidenced

hereby, if not sooner paid, shall be due and PAYABLE FIFTY ( 50 ) YEARS from the DATE of this NOTE. The consideration hereof shall support any agreement modifying the foregoing schedule of payments.

EXHIBIT
J

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of each advance in the Record of Advances.

Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

*xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx.

Prepayment restrictions must be considered if the Borrower is subject to these restrictions and the prepayment of scheduled installments will cause the loan to be repaid prior to the expiration of the restricted repayment period.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies inability to obtain sufficient credit elsewhere to finance the actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near the community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

TRANSFER OF TITLE: Property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby shall not be leased (except individual units leased to tenants), assigned, sold, transferred, or encumbered, voluntarily or otherwise without the written consent of the Government.

*xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx
xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx

CREDIT SALE TO INELIGIBLE BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification", and "Graduation Agreement" do not apply if (1) this promissory note represents in whole or in part, payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the Borrower as an ineligible Borrower under Title V of the Housing Act of 1949, as amended and regulations issued thereunder. As long as the promissory note remains unpaid, the property purchased with this loan shall not be sold or transferred, either voluntarily or involuntarily, unless the Government consents to such transaction in writing.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "KIND OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations and provisions hereof.

Presentment, protest, and notice are hereby waived.

*PREPAYMENT OF THE SCHEDULED INSTALLMENTS IS PROHIBITED AND GRADUATION PROVISIONS DO NOT APPLY.

Because of the necessity of obtaining rural rental housing in Ashland, Nebraska, the personal liability of the partners of the Limited Partnership is hereby waived, pursuant to the provisions of 7 CFR Section 1944.221 (a) (2).

JAMES L. HOWE, State Director

ASHLAND PARK APARTMENTS, L. P. d/b/a ASHLAND
PARK APARTMENTS, L. P., LIMITED PARTNERSHIP

BY: *Arthur Curtis* U.P.                    (SEAL)

HAMILTON-CURTIS CORPORATION, *(BORROWER)*
GENERAL PARTNER

_____          (SEAL)

                                        *(BORROWER)*

SPRINGFIELD, MISSOURI   65804           *(ADDRESS)*

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 80,000⁰⁰ | 7-17-90 | (8) $ | | (15) $ | |
| (2) $ 75,200⁰⁰ | 8-22-90 | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 155,200⁰⁰ | |

*Position 5*

USDA-FmHA
Form FmHA 427-1 NB
(Rev. 7-89)

## REAL ESTATE MORTGAGE FOR NEBRASKA

THIS MORTGAGE is made and entered into by ASHLAND PARK APARTMENTS, L. P. d/b/a ASHLAND PARK APARTMENTS, L. P., LIMITED PARTNERSHIP BY: HAMILTON-CURTIS CORPORATION, GENERAL PARTNER

residing in _____ GREENE _____ County, ~~Nebraska~~ MISSOURI, whose post office address is _____ SPRINGFIELD _____ , ~~Nebraska~~ MISSOURI 65804 ,
herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| July 1, 1990 | $155,200.00 | 8.75% | July 1, 2040 |
| July 1, 1990 (Assumption Agreement) | $ 59,448.99 | 8.75% | July 1, 2040 |
| July 1, 1990 (Assumption Agreement) | $ 56,407.18 | 8.75% | July 1, 2040 |
| June 14, 1973 (Original Note) | $ 66,000.00 | 7.25% | June 14, 2023 |
| November 16, 1971 (Original Note) | $ 66,000.00 | 7.25% | November 16, 2021 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargain, sell, convey and assign, with general warranty, unto the Government the following property situated in the State of Nebraska, County(ies) of _____ Saunders _____ :

Lots 1, 2, 3, and 4, Block 3, Miller and Clark's Addition to Ashland, Saunders Co., Nebraska.

SAUNDERS CO. N.E. Entered in NUM INDEX _____ 19 __ at __ M
In Bk. _____ Pg. _____ of _____ REGISTER OF DEEDS

EXHIBIT
K

24.   The property described herein was obtained or improved through Federal financial assistance.   This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 and the regulations issued pursuant thereto for as long as the property continues to be used for the same or similar purpose for which financial assistance was extended or for as long as the purchaser owns it, whichever is longer.

25.   This instrument also secures the obligations and covenants of borrower set forth in borrower's Loan Agreements dated November 16, 1971, August 4, 1972, April 14, 1977, July 1, 1990; Amended Loan Agreement dated July 1, 1990, and the consolidated loan agreement dated July 1, 1990, which are hereby incorporated herein by reference.

26.   No partner, either general or limited, will have any personal liability for the payment of all or any part of the indebtedness.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Such advances, with interest, shall be repaid from the first available collections received from Borrower. Otherwise, any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and all taxes and assessments levied upon this mortgage or the note or any indebtedness hereby secured or against any legal holder hereof or of the note or of said indebtedness under the laws of Nebraska, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)   To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling and conveying the property.

(12)   Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any rights, title or interest in or to the lien or any benefits hereof.

(13)   At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)   The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance,(c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government–whether once or often–in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

*AC*

(15) ~~If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.~~

(16)   Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)   Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(18)   SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(19)   The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(20)   Borrower agrees that the Government will not be bound by any present or future State law, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

(21) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(22) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Lincoln, Nebraska 68508, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) this _____ FIRST _____ day of

_____ JULY _____ ,19 _90_.

ASHLAND PARK APARTMENTS, L. P. d/b/a
ASHLAND PARK APARTMENTS, L. P., LIMITED
PARTNERSHIP
*(Borrower)*

BY: *Arthur Curtis V.P.*
*(Borrower)*

HAMILTON-CURTIS CORPORATION,
GENERAL PARTNER

STATE OF NEBRASKA

COUNTY OF _Douglas_ } ss:

ACKNOWLEDGMENT

On this _____ 29ᵗʰ _____ day of _____ June _____ A.D., 19 _90_, before me, a Notary Public in

and for said County, personally appeared _Arthur Curtis, V P of Hamilton Curtis_

_and Corp, general partner of Ashland Park Apts a limited partnership_

to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

_____ _he_ _____ executed the same as _____ _his and the Corporation_ _____ voluntary act and deed.

_Dianna K. Amandus_
*Notary Public.*

(SEAL)

GENERAL NOTARY—State of Nebraska
DIANNA K. AMANDUS
My Comm. Exp. _12-14-90_

My commission expires _____

**USDA-FmHA**
Form FmHA 427-1 NB
(Rev. 7-89)

Position 5

This real estate mortgage supplements
the real estate mortgage dated July 1, 1990

## REAL ESTATE MORTGAGE FOR NEBRASKA

THIS MORTGAGE is made and entered into by ASHLAND PARK APARTMENTS, L.P. d/b/a ASHLAND PARK APARTMENTS, L. P., LIMITED PARTNERSHIP BY: HAMILTON-CURTIS CORPORATION, GENERAL PARTNER

residing in GREENE _____ County MISSOURI, XXNYXXX, whose post office address is

SPRINGFIELD _____ , Nebraska MISSOURI 65804 ,

herein called "Borrower," and the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government":

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| July 1, 1990 | $155,200.00 | 8.75% | July 1, 2040 |
| July 1, 1990 (Assumption Agreement) | $ 59,448.99 | 8.75% | July 1, 2040 |
| July 1, 1990 (Assumption Agreement) | $ 56,407.18 | 8.75% | July 1, 2040 |
| June 14, 1973 (Original Note) | $ 66,000.00 | 7.25% | June 14, 2023 |
| November 16, 1971 (Original Note) | $ 66,000.00 | 7.25% | November 16, 2021 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, bargin, sell, convey and assign, with general warranty, unto the Government the following property situated in the State of

Nebraska, County(ies) of _____ SAUNDERS _____ :

Lots 1, 2, 3, and 4, Block 3, Miller and Clark's Addition to Ashland, Saunders Co., Nebraska

FmHA 427-1 NB (Rev. 7-89)

**EXHIBIT**
**L**

24.  The property described herein was obtained or improved through Federal financial assistance.  This property is subject to the provisions of Title VI of the Civil Rights Act of 1964 and the Rehabilitation Act of 1973 and the regulations issued pursuant thereto for as long as the property continues to be used for the same or similar purpose for which financial assistance was extended or for as long as the purchaser owns it, whichever is longer.

25.  This instrument also secures the obligations and convenants of borrower set forth in borrower's Loan Agreements dated November 16, 1971, August 4, 1972, April 14, 1977, July 1, 1990; Amended Loan Agreement dated July 1, 1990, and the consolidated loan agreement dated July 1, 1990, which are hereby incorporated herein by reference.

26.  No partner, either general or limited,  will have any personal liability for the payment of all or any part of the indebtedness.

27.  The borrower and any successors in interest agree to use the housing for the purpose of housing people eligible for occupancy as provided in section 515 of Title V of the Housing Act of 1949, and FmHA regulations then extant during the full term of this mortgage. No eligible person occupying housing will be required to vacate nor any eligible person denied occupancy for housing prior to the close of such period because of a prohibited change in the use of the housing.  A tenant may seek enforcement of this provision as well as the Government.

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest therein-all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)  To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)  To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration

(3)  If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)  Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)  All advances by the Government as described in this instrument, with interest, shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Such advances, with interest, shall be repaid from the first available collections received from Borrower. Otherwise, any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby in any order the Government determines.

(6)  To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)  To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and all taxes and assessments levied upon this mortgage or the note or any indebtedness hereby secured or against any legal holder hereof or of the note or of said indebtedness under the laws of Nebraska, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)  To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any rights, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance,(c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

~~(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.~~

(16) Default hereunder shall constitute default under any other real estate, or under any personal property or other, security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(18) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

(19) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(20) Borrower agrees that the Government will not be bound by any present or future State law, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws.

(21)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex or national origin.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other address is designated in a notice so given, in the case of the Government to Farmers Home Administration at Lincoln, Nebraska 68508, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) this _____ 16ᵗʰ _____ day of

_____ January _____ , 19 92 .

ASHLAND PARK APARTMENTS, L. P. d/b/a
ASHLAND PARK APARTMENTS, L. P., LIMITED
PARTNERSHIP

_____ (Borrower)

BY: _Arthur Curtis_____

HAMILTON-CURTIS CORPORATION,   (Borrower)
GENERAL PARTNER

STATE OF NEBRASKA

COUNTY OF Douglas }  ss:

ACKNOWLEDGMENT

On this _____ 16ᵗʰ _____ day of _____ January _____ A.D., 19 92, before me, a Notary Public in

and for said County, personally appeared _____ Arthur Curtis _____

and _____

to me known to be the identical person(s) named in and who executed the foregoing instrument and acknowledged that

_____ he _____ executed the same as _____ his _____ voluntary act and deed.

_____ Dianna K. Amandus _____

*Notary Public.*

GENERAL NOTARY—State of Nebraska
DIANNA K. AMANDUS
My Comm. Exp. 12-14-94

(SEAL)

My commission expires _____

DON CLARK
REGISTER OF DEEDS

'92 JAN 22   PM 9 49

BOOK 146 PAGE 927
OF MTG INSTR 138

NE RRH Guide 208

## PLEDGE AND SECURITY AGREEMENT

FEB 1 1 2005

Comes now __Ashland Park Apartments, L.P.__ (hereafter called "Borrower"), and in consideration of a $ _155200.00_ loan from the United States of America, Acting through Rural Housing Service, United States Department of Agriculture (hereinafter called "Government"), for the construction or acquisition of a rural rental housing project called __Ashland Park II Apartments__ hereby pledges, assigns, and grants a security interest to the Government as collateral security for the loan and any future advances all the Borrower's revenue and income, accounts, general intangibles, goods, equipment, deposit accounts, and payment intangibles now owned or hereafter acquired, including, but not limited to, all rental income, RHS rental assistance payments, HUD Housing assistance payments, all funds in the reserve, operating and maintenance, and general fund accounts for the above rental housing project as well as window air conditioners, storage buildings, stoves, ranges, refrigerators, dishwashers, washing machines, dryers, and replacements and substitutions, including all products of, additions to and replacements thereof and all accessories, accessions, parts and equipment now owned or hereafter affixed thereto or used in connection therewith and the proceeds of all property set forth above.

   In the event the Borrower should be in default under the terms of any loan instruments or the Borrower's loan (agreement) (resolution) dated __7 — 1__, __10__ Borrower agrees that the Government may take possession of any of the collateral and apply proceeds to the loan indebtedness. Borrower further agrees to execute such instruments or directions, including those to other parties, as may be necessary or required by Government to enable government to obtain possession of collateral pledged herein. Furthermore, the Government may file a carbon, photographic or other reproduction of any security agreement, financing statement, continuation statement and any other security instrument instead of the original thereof.

Executed this __28__ day of __January__, __2005__.

(SEAL)                    _____

By: _Kenneth E Hamel_     _____

PN 647 (11-02-01)

| EXHIBIT |
| .M |